# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Christy Cypret and James Cypret, | Civil Action No.: 4:13-cv-01010 |
| Plaintiffs, | |
| v. | |
| Delta Outsource Group, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiffs, Christy Cypret and James Cypret, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* (the "EFTA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiffs, Christy Cypret ("Christy") and James Cypret ("James" and together with Christy, the "Plaintiffs"), are adult individuals residing in Crane, Missouri, and are each a

"consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Delta Outsource Group, Inc. ("Delta"), is a Missouri business entity with an address of P.O. Box 1210, O'Fallon, Missouri 63366, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Delta and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Delta at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Christy allegedly incurred a financial obligation in the approximate amount of $7,000.00 (the "Debt") to Harvest Bank (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Delta for collection, or Delta was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Delta Engages in Harassment and Abusive Tactics**

11. In or around June 2012, Delta began contacting Plaintiffs on their cellular and residential telephone lines in an attempt to collect the Debt.

12. Delta threatened to file a lawsuit against Plaintiffs if they did not pay the Debt immediately. However, Delta has no legal ability to sue James because he is not responsible for

the Debt.

13. Fearing litigation, Christy entered into a verbal payment agreement with Delta.

14. On or about June 29, 2012, Delta mailed a letter to Christy informing her of Delta's intent to withdraw $25.00 out of her bank account on July 10, 2012.  However, Delta did not procure Christy's written authorization to make such a withdrawal.

15. Thereafter, Delta began deducting $25.00 from Christy's bank account on a monthly basis.  At the same time, Delta continued to place calls to Plaintiffs periodically in an attempt to raise the monthly payment amount.

16. On many occasions, Christy informed Delta that she was unable to pay more because she is disabled and unemployed.  Nonetheless, Delta continued to harass Plaintiffs with numerous calls.

17. In addition, Delta threatened to file a lawsuit against Plaintiffs if they failed to make larger monthly payments.  To date, no such action has been taken.

18. On many occasions, James informed Delta that he was not responsible for the Debt and requested that Delta cease all calls to his cellular phone.  However, Delta continued to calls James in an attempt to annoy and harass him.

## C. **Plaintiffs Suffered Actual Damages**

19. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

20. As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

21.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiffs in telephone conversations with the intent to annoy and harass.

24.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representations and/or means in connection with collection of the Debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiffs, without the ability or intention to do so.

26.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect Debt.

27.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

28.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

29.     Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693 et seq.

30.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint

4

as though fully stated herein.

31. Plaintiffs maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

32. Plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1693a(6).

33. Defendants debited Plaintiffs' bank account on a monthly basis using "preauthorized electronic fund transfers" as defined in 15 U.S.C § 1693a(10).

34. Defendants violated 15 U.S.C. § 1693e(a) in that Defendants executed a preauthorized electronic fund transfer from Plaintiffs' account without Plaintiffs' prior written authorization.

35. Insofar as Defendants purport to obtain consumer consent through telephonic recording or electronic means, Defendants failed to comply with the requirements of the Electronic Signatures In Global And National Commerce Act, 15 U.S.C. § 7001 *et seq.*, because Defendants did not obtain from Plaintiffs a valid "electronic signature" within the meaning of 15 U.S.C. § 7006(5).  Defendants also did not obtain valid consent from Plaintiffs to provide electronic copies to them of their purported authorization, and Defendants did not provide to Plaintiffs any copies of their purported authorization, in electronic form or otherwise.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the EFTA.

37. Plaintiff is entitled to damages as a result of Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendants:

1. Actual damages including, but not limited to, the emotional distress Plaintiffs has suffered (and continue to suffer) as a result of the intentional, reckless, and/or negligent FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

5

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

5. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A);

6. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

7. Punitive damages; and

8. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 24, 2013

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs